EAST PEORIA COMMUNITY HIGH SCHOOL DISTRICT No. 309, Plaintiff, v. GRAND STAGE LIGHTING COMPANY *et al.*, Defendants (Union Roofing *et al.*, Counterplaintiffs; East Peoria Community High School District No. 309 *et al.*, Counterdefendants; Grand Stage Lighting Company, Third-Party Plaintiff-Appellant; Commerce Bank, N.A., Successor to The First National Bank of Peoria, Third-Party Defendant-Appellee).

Third District   No. 3—91—0870

Opinion filed September 4, 1992.

Eric S. Rein, of Schwartz, Cooper, Kolb & Gaynor, of Chicago, and William R. Kelly, of Peoria (Bret A. Rappaport, of counsel), for appellant.

Baymiller, Christison & Radley, of Peoria (Andrew W. Covey, of counsel), for appellee.

JUSTICE GORMAN delivered the opinion of the court:

This action was brought by plaintiff Grand Stage Lighting to impose a constructive trust on funds which defendant First National Bank of Peoria set off from a customer-debtor's general business account. The trial court granted summary judgment for defendant. We affirm.

Tousley-Iber was a general contractor for commercial real estate. It maintained a business checking account at defendant bank. It received a number of loans from defendant, and defendant had a perfected security interest in Tousley-Iber's accounts, notes, and contracts receivable. The security agreement secured all obligations of Tousley-Iber to defendant. At least three of the notes given by Tousley-Iber to defendant provided that defendant "shall have the right of set-off against any deposits and other sums *** now or in the future *** owing" to Tousley-Iber. Defendant received written monthly financial reports and annual audited financial statements from Tousley-Iber.

In 1987, Tousley-Iber agreed to be construction manager of various improvements on high school buildings in East Peoria High School District No. 309 (School). In June 1987, plaintiff submitted a bid to Tousley-Iber for stage renovation work, which bid was accepted. Tousley-Iber promised to pay plaintiff $144,614, but did not offer any collateral or other form of security to secure that promise.

After September 1987, defendant became concerned about Tousley-Iber's financial situation and began to monitor it more closely. On

November 18, 1987, Tousley-Iber deposited a check from School in the amount of $124,787.83. On November 19, 1987, Tousley-Iber requested defendant's approval to write checks payable to the subcontractors on funds received from the School project. Tousley-Iber submitted a requested cash flow analysis report, which showed the amount owed to Tousley-Iber on the project, the amount which Tousley-Iber owed to the subcontractors, and the resultant shortfall. On November 20, 1987, Tousley-Iber owed defendant a total of $532,000, principal plus accrued interest. On that same day, defendant informed Tousley-Iber that, pursuant to its right of setoff, it was removing the sum of $179,650.39 from Tousley-Iber's general business account to apply to the debt it owed to defendant.

On December 1, 1987, plaintiff made demand on School and Tousley-Iber for payment of $145,949; they refused to pay. On January 20, 1988, plaintiff for the first time served Tousley-Iber and School with its notice of claim of lien. Litigation ensued between School, plaintiff, and other subcontractors.

In October 1989, plaintiff filed an amended third-party complaint against defendant to impose a constructive trust on the funds which defendant set off. It alleged that the setoff was wrongful because it knew plaintiff had an interest in the funds. After the defendant's motion to dismiss was denied, the parties filed cross-motions for summary judgment. In July 1991, the trial court granted defendant's motion and denied plaintiff's motion.

Plaintiff now appeals.

The only issue for review is whether defendant's setoff was wrongful.

Plaintiff argues that because defendant knew or should have known that the funds in Tousley-Iber's account did not belong to Tousley-Iber, its setoff was wrongful and a constructive trust should be imposed on the funds. We disagree with plaintiff.

Under *Brandt v. Uptown National Bank* (1991), 212 Ill. App. 3d 621, 571 N.E.2d 531, unless money deposited in an account is held in an actual or constructive trust, a bank's knowledge of the derivation of the money does not limit its right of setoff. There, a materials supplier which had been left unpaid by its subcontractor obtained a judgment against the general contractor, forcing it to pay as principal on its payment bond. The general contractor then sued the subcontractor's bank, claiming that the bank wrongfully set off funds in the subcontractor's account. The general contractor argued that because the bank knew that the funds in the subcontractor's account were derived from the construction project in which all were involved, the bank

was under an obligation to see that the funds were applied to the debts owed to the subcontractor's suppliers before the funds could be applied to the debt owed to the bank. The court pointed out that the money deposited in the subcontractor's account was not held in an actual or constructive trust and rejected plaintiff's argument. It stated that "[s]hould the plaintiffs' reasoning be carried to its logical conclusion, any debtor of a party who has a checking account would be deemed to have an equitable ownership in the funds in that account, thus limiting a bank's right to setoff." *Brandt*, 212 Ill. App. 3d at 626, 571 N.E.2d at 535.

In the instant case, plaintiff does not show that the money deposited in Tousley-Iber's account was held in an actual or constructive trust for plaintiff. Neil Tousley, a former officer of Tousley-Iber, testified that, in fact, the funds in the general business account were all commingled. As in *Brandt*, plaintiff here has no basis for his supposition that it has equitable ownership of funds in Tousley-Iber's account so as to limit the plaintiff's right to setoff.

Plaintiff's reliance on *Gluth Brothers Construction, Inc. v. Union National Bank* (1988), 166 Ill. App. 3d 18, 518 N.E.2d 1345, is misplaced because there, the bank was aware that an express written trust applied to certain funds which it set off.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

BARRY, P.J., and McCUSKEY, J., concur.